## BOSTWICK v. DODGE.

A person to whom a promissory note has been endorsed in payment of a pre-existing debt, is a holder for a valuable consideration, and is not affected by any equities between the antecedent parties, where he has received the note before it became due, without notice of such equities.

Douglass.
1d 413
103    527
103    538
1d    413
127    528
127    578

ERROR to Lenawee Circuit Court. Dodge sued Bostwick in the court below in assumpsit upon a promissory note made by the latter, payable to Samuel F. Hooper or order, who endorsed it before maturity to the plaintiff below, in *payment* of a debt due to him from Hooper. On

the trial, the defendant below offered to prove that the note was given for bills of the Farmers Bank of Sandstone;—that the bank was a fraudulent institution, never legally organized; and that the bills were entirely worthless when he received them and gave the note. The plaintiff below having objected to this evidence, it was rejected by the Court. The defendant below excepted, and a bill of exceptions having been signed, removed the cause into this Court by writ of error.

*N. R. Ramsdell*, for the plaintiff in error, cited 10 Wend. R. 55; 20 John. R. 367; 8 Wend. R. 425; 13 Id. 605; Chitty on Bills, 650.

*P. R. Adams*, for the defendant in error, cited *Briggs* v. *Rockwell*, 11 Wend. R. 509; *Morton* v. *Rogers*, 14 Wend. R. 575; *Brush* v. *Scribner*, 11 Conn. R. 388; *N. Y. State Bank* v. *Fletcher*, 5 Wend. R. 85; *Porter* v. *Talcott*, 1 Cow. R. 359; *Burdick* v. *Green*, 15 John. R. 247; 1 Id. 34; 10 Id. 104; 2 N. Hamp. R. 336; 6 Cranch R. 253; 2 Wash. C. C. R. 24, 191; 2 Greenl. R. 121; *Swift* v. *Tyson*, 16 Pet. R. 2.

Ransom, C. J. delivered the opinion of the Court.

The single question presented by this case is, whether the holder of a note or bill, transferred to him before maturity, in payment of an antecedent debt, shall be deemed to have received it for value, in the usual course of trade, and entitled to recover its amount of the maker, or acceptor; or, whether he merely succeeds to the rights of the endorser, and holds the paper subject to all the equities which may have existed between the original parties.

That the holder of negotiable paper, who acquires it without consideration, or *for* consideration, if overdue, or who has notice when he receives it, that it could not be enforced between the original parties, takes it subject to

any defence that could be set up in an action between those parties, is a doctrine familiar to all. Equally well settled and understood is the principle, that any want or failure of consideration, whether partial or total, or any fraud even, between antecedent parties, will constitute no defence to a note or bill in the hands of one who obtained it in good faith, for a valuable consideration, at or before its maturity, and without notice of any circumstances impairing its validity. These principles are said by Justice *Story,* in *Swift* v. *Tyson,* 16 Pet. R 15, to have been so long and so well established, and to be so essential to the security of negotiable paper, that they are laid up among the fundamentals of the law, and require no authority or reasoning to be brought to their support.

In the case before us, there is no pretence that the defendant is not a holder in good faith without notice, and for a valid consideration as between himself and the endorser; but it is insisted that the transfer of the note in payment of a pre-existing debt, is not in the usual course of trade, and for a valuable consideration, as understood in the mercantile law; and therefore does not preclude the plaintiff from showing that the note was void in its inception for want of consideration. It is contended that the valuable consideration contemplated by the commercial law in reference to this question, is a *present* one,—the payment of money, or delivery of goods, or other thing of value, at the time, and upon the credit of the transfer of the paper. We do not feel called upon to discuss this question, either upon principle, or by a review and criticism of the adjudged cases in which it is decided. In England, and in most of the states of the Union, it has been long and uniformly held, that the extinguishment of a pre-existing debt, was as valid and sufficient a consideration for the transfer of a negotiable instrument, as the payment of money, or the delivery of any species of pro-

perty whatever.   That the rule is one of great conveni-
ence, and necessity even, to a commercial community, is
too obvious to require illustration, and *its* adoption in no
way contravenes the principles of natural justice.

A different rule seems to have obtained in New York,
as established in the cases of *Bristol* v. *Sprague,* 8 Wend.
R. 425, and *Roosa* v. *Brotherson,* 10 Wend. R. 605.   The
more recent decisions, however, of the courts of that state,
recognize the doctrine of the English cases.   To this ef-
fect are the *Bank of Salina* v. *Babcock,* 21 Wend. R. 500 ;
*Bank of Sandusky* v. *Scoville,* 25 Wend. R. 115, and *Wil-
liams* v. *Smith,* 2 Hill's R. 301.

In support of the view we have taken of this question,
the following cases are referred to, and are believed to be
perfectly conclusive : *Townsly* v. *Sumrall,* 2 Pet. R. 170 ;
*Swift* v. *Tyson,* 16 Pet. R. 2.   The latter case is directly
in point, and the opinion of the court, delivered by Judge
*Story,* is an elaborate one, reviewing the authorities, both
English and American.   See also *Brush* v. *Scribner,* 11
Conn. R. 388; Story on Bills, § 192 ; 3 Kent's Com. 81.
Among the English cases to the same effect, are *Bosau-
quet* v. *Dudman,* 1 Stark. R. 1 ; *Haywood* v. *Watson,* 4 Bing.
496; *Pillaus* v. *Van Mierop,* 3 Burr. R. 1664; *ex parte
Bloxham,* 8 Vesey, 531.   See also Bayley on Bills, 527 ;
Chitty on Bills, 85.

We are of opinion that the evidence offered by the de-
fendant was properly rejected.   There is, therefore, no
error in the record, and the judgment of the court below
must be affirmed, with damages and costs.

*Judgment affirmed.*